15818

HUBBARD v. STATE CO.

(37 S. E. (2d), 503)

*Mr. W. Brantley Harvey,* of Beaufort, Counsel for Appellant,

*Mr. William Elliott, Jr.,* of Columbia, Counsel for Respondent.

March 18, 1946.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court.

This action was brought for the recovery of damages for an alleged libelous publication of and concerning the plaintiff, appearing in the issue of defendant's newspaper of date February 13, 1936. The appeal brings up for review the

validity of an order made by the Circuit Court, upon motion of the defendant, wherein certain paragraphs of the complaint hereinafter more specifically referred to, were stricken out upon the ground that they were irrelevant and immaterial, and constituted no part of the cause of action.

The complaint contains two paragraphs numbered three. In the first of these paragraphs it is alleged that the *Savannah Morning News* and the *Savannah Evening Press* are daily newspapers published in the city of Savannah, Georgia, having a large circulation in the state of Georgia, as well as in the state of South Carolina. In the second paragraph of the complaint numbered three, it is alleged that the *Beaufort Gazette* is a weekly newspaper published in the County of Beaufort, with a general circulation in that county.

It appears from the complaint that Lawrence H. Harrison, a resident of the city of Savannah, was shot and mortally wounded in Beaufort County on the night of November 23, 1933, and died several days thereafter in the city of Savannah.

Paragraph 4 of the complaint sets forth that on the afternoon of November 24, 1933, there was published in the *Savannah Evening Press* an account of the homicide as related by Harrison.

It is alleged in Paragraph 5 of the complaint that on November 27, 1933, there was published in the *Savannah Evening Press* an account of the death of Harrison, of which the following is a copy:

"Lawrence H. Harrison, 37, who was shot while hunting in South Carolina near Bluffton last week, died in a local hospital this morning. Troy Williams and Grayson Hubbard are under arrest at Beaufort charged with the murder of Mr. Harrison.

"Mr. Harrison was shot after midnight last Wednesday while hunting on the game preserve of G. W. Varn with a party of Savannahians. While in a desperate condition in the hospital, Mr. Harrison made a statement about the

shooting in which he said the person who did the shooting came upon him suddenly and fired a load of bird shot from a shotgun, peppering his legs and paralyzing him. He fell to the ground and asked his assailant not to shoot any more, he said, whereupon the man with an oath said, 'Damn it, I'll kill you,' and shot him with another load, these piercing Mr. Harrison's intestines, the statement of Mr. Harrison said. The shot in his intestines caused the man's death. After being shot Mr. Harrison managed to get to a point where some companions were waiting with a boat and they brought him to Savannah for medical attention.

"Williams and Hubbard, woods riders on the Varn estate, were first arrested by Sheriff J. E. McTeer of Beaufort on the charge of assault and battery with the intent to kill, and when the sheriff was advised this morning of the death of Mr. Harrison he announced he would hold the men on the charge of murder * * *

"Williams and Hubbard deny they are the men who shot Mr. Harrison, claiming they were six miles away when the tragedy occurred."

Paragraph 6 sets forth a new article with reference to the wounding and death of Harrison, published in the *Beaufort Gazette* of November 30, 1933, which is similar in content to that published in the *Savannah Evening Press* on November 27th.

In June, 1934, Mrs. Eliza Warth, as administratrix of the estate of Lawrence H. Harrison, filed suit against Varn Turpentine and Cattle Company, the owner of the game preserve where Harrison was shot, for the recovery of damages, alleging as a basis for the suit the wilful, wanton, and malicious killing of Harrison by Grayson K. Hubbard, its agent, servant and employee.

The aforementioned case came on for trial in the Federal Court at Aiken on February 13, 1936, and on that day, according to the complaint, there was published in the State·

the alleged libelous article upon which this action is founded. The article as it appeared in *The State* is as follows:

"Aiken, Feb. 12—(AP)—The trial of Mrs. Eliza Warth's $200,000 suit against the Varn Cattle and Turpentine Company, Inc. of Beaufort, for the death of her brother, Lawrence H. Harrison, begain in the United States District Court here today.

"Harrison was fatally wounded November 23, 1933, by Grayson T. Hubbard, a range rider on the company's property near Bluffton. When a criminal case against Hubbard was made, the Beaufort County grand jury did not indict him.

"The defense claimed that Harrison, with others, was poaching on posted property by hunting deer at night * * *"

Appellant contends that the circuit court erred in granting the defendant's motion to strike from the complaint the two paragraphs numbered three, and Paragraphs 4, 5 and 6, the error being that the defamatory statement published by the defendant of and concerning the plaintiff is not actionable *per se*; and that it is necessary or proper that the complaint show the extrinsic circumstances or facts set forth in the prior publications in the Savannah and Beaufort newspapers, which, coupled with the language used by the defendant, affected the construction and rendered it actionable. This, upon the theory that the article published in *The State* would naturally injure the good name and good reputation of the plaintiff in his home community of Beaufort, which was also the locale of the homicide, for it imputed to him the commission of a heinous crime.

The plaintiff invokes the well-recognized rule that an alleged libelous article may be actionable because of extrinsic facts and circumstances, which, taken in connection with the language used, discloses an intention on the part of the utterer to charge the plaintiff with having committed a crime. The allegations stricken from the complaint are evidently matters of inducement pleaded for the purpose of

showing that the otherwise non-defamatory statement that Hubbard fatally wounded Harrison, had a defamatory implication.

The rule is thus stated in Newell, "Slander and Libel" (4th Ed.), Sec. 527:

"In all cases where the alleged defamatory words, whether spoken, written or otherwise expressed, do not naturally in themselves convey the meaning the plaintiff would assign to them, or where they are ambiguous or equivocal, and require explanation by reference to some outside or extrinsic matter to show that they are actionable, it must be expressly stated that such matter existed, and that the defamation related thereto. The allegation thus required is called the inducement or statement of extrinsic matter * * *"

The specific question here has to do with whether the articles previously published in other newspapers may properly be pleaded as matter of inducement to show that an apparently non-defamatory article carried a defamatory meaning. It does not appear that the defendant had any notice or knowledge of the news articles published in the *Savannah Evening Press* and the *Beaufort Gazette* nearly two and a half years prior to the news article carried by it on February 13, 1936. It is true that the article appearing in *The State* relates to the same event—that is, to the wounding and killing of Harrison in 1933—but there is no reference whatever in the article published in *The State* to the earlier publications in the Savannah and Beaufort newspapers.

A careful investigation of the law fails to reveal the existence of relevant authority, but it seems to us that it would be going entirely too far to hold that the stricken allegations are proper matters of inducement to be pleaded in this case. In our opinion, the circuit court committed no error in striking from the complaint the paragraphs herein referred to.

The plaintiff excepted to that portion of the order of the lower court directing that Paragraph 11 of the complaint be amended so as to make it relate only to the newsstory pub-

lished by the defendant. It was conceded in argument, however that if the judgment be sustained, then it is proper that Paragraph 11 be amended as ordered. This must now be done, and the plaintiff is given twenty days after the filing of the remittitur within which to serve his amended complaint.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.